UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cr-0204 (TWP/TAB) |
| | ) | |
| JULIO BLANCO, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Tanya Walton Pratt, Judge, on September 13, 2012, designating the Duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on September 12, 2012, and to submit to Judge Pratt proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held September 14, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Mr. Blanco appeared in person with his appointed counsel, Monica Foster, the Indiana Federal Community Defender.  The government appeared by Joe Vaughn,

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C.  §3401(e).

Assistant United States Attorney.  U. S. Parole and Probation appeared by Mark McCleese, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

    1.  Monica Foster, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Blanco in regard to the pending Petition for Revocation of Supervised Release.

    2.  A copy of the Petition for Revocation of Supervised Release was provided to Mr. Blanco and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

    3.  Mr. Blanco was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

    4.  Mr. Blanco was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

    5.  Mr. Blanco was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

    6.  That if the preliminary hearing resulted in a finding of probable cause that Mr. Blanco had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Pratt's designation.

7. Mr. Blanco stated his readiness to waive the preliminary hearing regarding the Petition now under consideration. Mr. Blanco orally waived the preliminary hearing and he was held to answer.

8. Ms. Foster stated that Mr. Blanco would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release numbered 1, 2 and 3, set forth in the Petition. The government moved to dismiss violation of supervised release numbered 4, and the same is granted.

9. Mr. Blanco, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |
| | As previously reported to the Court, on May 6, 2012, the offender was arrested and charged with Operating a Vehicle While Intoxicated Endangering a Person ad Operating a Vehicle with an Alcohol Content of .08 or More in Hancock County, Indiana, under cause number 30D02-1205-cm-000618. A pretrial conference is scheduled for October 10, 2012. |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall refrain from consumption or possession of alcohol."** |

>On May 6, 2012, the offender submitted to an alcohol chemical test, which indicated he had an alcohol level of .14. The offender admitted to law enforcement he had consumed a six-pack of beer one hour before being pulled over for driving at a speed of 92 miles per hour in a 50 mile per hour zone.

The Court placed Mr. Blanco under oath and directly inquired of Mr. Blanco whether he admitted violations of the specifications of his supervised release set forth above. Mr. Blanco stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1) Mr. Blanco has a relevant criminal history category of III, U.S.S.G. §7B1.4(a);

2) The most serious grade of violation committed by Mr. Blanco constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b);

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Blanco is 5-11 months;

4) The parties agreed on the appropriate disposition of the case as follows:

(a) that modification was the appropriate disposition of the case;

(b) that Mr. Blanco be placed on electronic monitoring at his residence until further order of the Court;

(c) that Mr. Blanco consume no alcohol and no drugs;

(d) that Mr. Blanco be subject to regular alcohol and drug testing;

> (e) that Mr. Blanco be subject to search provisions of his residence, motor vehicle and his person; and
>
> (f) that Mr. Blanco is subject to the previously-ordered conditions of supervised release imposed at sentencing.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Julio Blanco, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is **MODIFIED** as set forth above.

> Counsel for the parties and Mr. Blanco stipulated in open court waiver of the following:
>
> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Blanco entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Julio Blanco's supervised release.

IT IS SO RECOMMENDED this 25th day of September, 2012.

                                                Kennard P. Foster, Magistrate Judge
                                                United States District Court
                                                Southern District of Indiana

Distribution:

Joe Vaughn,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Monica Foster,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal