UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0204-TWP-TAB-1 |
| | ) | |
| JULIO BLANCO, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 5, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 25, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On March 25, 2014, defendant Julio Blanco appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Brant Cook, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Todd Schaefer, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Blanco of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The Court asked Mr. Blanco questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Blanco and his counsel, who informed the Court they had reviewed the Petition and that Mr. Blanco understood the violations alleged. Mr. Blanco waived further reading of the Petition.

3. The Court advised Mr. Blanco of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Blanco was advised of the rights he would have at a preliminary hearing. Mr. Blanco stated that he wished to waive his right to a preliminary hearing.

4. Mr. Blanco stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Blanco executed a written waiver of the preliminary hearing, which the Court accepted.

5. The Court advised Mr. Blanco of his right to a hearing on the Petition and of his rights in connection with a hearing.

6. Mr. Blanco, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, 4, 5, 6, 7, and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | As previously reported to the Court, on May 6, 2012, the offender was arrested and charged with Operating a Vehicle While Intoxicated |

Endangering a Person, and Operating a Vehicle with an Alcohol Content of .08 percent of More in Hancock County, Indiana, under cause number 30D02-1205-CM-000618.

On October 10, 2012, the offender pled guilty to Operating a Vehicle While Intoxicated, a misdemeanor, and was sentenced to 365 days jail, 335 days suspended, 365 days probation (to be served consecutive to his term of federal supervised release).

2   **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

3   **"The defendant shall refrain from consumption or possession of alcohol."**

As previously reported to the Court, on May 6, 2012, the offender submitted to an alcohol chemical test, which indicated he had an alcohol level of .14 percent. The offender admitted to law enforcement he had consumed a six-pack of beer one hour before being pulled over for driving at a speed of 92 miles per hour in a 50 mile per hour zone.

4   **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

5   **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

6   **"The defendant shall refrain from any unlawful use of a controlled substance."**

On February 13, 2014, the offender submitted a urine specimen which tested positive for cocaine. On February 18, 2014, the offender admitted he began using cocaine again in November 2013, following a difficult break up with his girlfriend, and he has continued using since that time.
As previously reported to the Court, on April 25, 2013, the offender submitted a urine specimen which tested positive for cocaine. He admitted his cocaine use on April 29, 2013.

7   **"The defendant shall submit to substance abuse screening as directed by his probation officer."**

>    The offender failed to report for random drug testing on November 4, 2013, December 16, 2013, January 8, and 11, 2014 and February 12, and 24, 2014.
>
>    The offender has also failed to pay his required treatment fees of $225.

8    **"For the remainder of supervised release, the defendant will be subject to electronic monitoring at his residence, in accordance with the rules and regulations as set by the U.S. Parole and Probation Office for the Southern District of Indiana. During the period of time he is under electronic monitoring, Mr. Blanco will be at his residence unless he is engaged in his employment, attending church services, seeking or receiving medical treatment, or as specifically engaged in any other activity approved by his supervising U.S. Parole and Probation Officer."**

>    On February 13, 2014, this officer received an alert the offender did not return home by 12:00 a.m. A second alert was received at 12:30 a.m. indicating the offender entered the residence. Upon contacting the offender, he stated he was late getting off work on February 12, 2014, and was moving personal items to his mother's home in Greenfield.
>
>    On February 14, 2014, this officer received another alert indicating the phone line was not working properly, rendering the location monitoring equipment inoperable. On February 15, 2104, the offender explained he was moving to his mother's house at the end of the month, and the phone company misunderstood his instructions, terminating service at the end of the billing cycle, rather than the end of the month.
>
>    The offender is responsible for payment of location monitoring fees. As of the date of this report, the offender owes $1,266.45. The last payment made on the account was on October 10, 2013, by Francis Bragg, the offender's mother.

7.    The Court placed Mr. Blanco under oath and directly inquired of Mr. Blanco whether he admitted violations 1, 2, 3, 4, 5, 6, 7, and 8 of his supervised release set forth above. Mr. Blanco admitted the violations as set forth above.

8.    The parties and the USPO further stipulated that:

   (a)    The highest grade of Violation (Violation Nos. 4 & 6) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)    Mr. Blanco's criminal history category is III.

(c) The range of imprisonment applicable upon revocation of Mr. Blanco's supervised release, therefore, is 8-14 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. Defendant proposed the following disposition of the Petition without opposition: (a) the defendant's supervised release should be revoked; (b) the defendant should be sentenced to the Bureau of Prisons for a period of twelve (12) months and one (1) day, with no supervised release to follow; (c) the defendant should be allowed to self-report upon designation by the Federal Bureau of Prisons; and (d) the Court should recommend placement of Mr. Blanco in a facility with an extensive drug treatment program, preferably the Residential Drug Abuse Program (RDAP).

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JULIO BLANCO, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and Mr. Blanco is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to self-report upon designation by the Federal Bureau of Prisons. The Court recommends that Mr. Blanco be placed in a facility with an extensive drug treatment program, preferably the Residential Drug Abuse Program (RDAP).

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 59(b) of the Federal Rules of Criminal Procedure. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of fact and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and

recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

The parties stipulated in open court to waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and Federal Rule of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Blanco entered the above stipulations and waivers with the understanding that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Blanco's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to self-report upon designation of the Federal Bureau of Prisons. The Court recommends that Mr. Blanco be placed in a facility with an extensive drug treatment program, preferably the Residential Drug Abuse Program (RDAP).

IT IS SO RECOMMENDED.

Date: 04/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

United States Probation Office, United States Marshal