UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-cr-0204-TWP-TAB-1 |
| | ) | |
| JULIO BLANCO, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Supplemental Petition for Warrant or Summons for Offender Under Supervision ("Supplemental Petition") filed on April 16, 2014, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on June 30, 2014, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

By way of background, on March 25, 2014, defendant Julio Blanco appeared for a hearing on a Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 5, 2014. At that time, Mr. Blanco plead guilty to the allegations in that Petition, and a Report and Recommendation was issued by this Magistrate Judge that was subsequently adopted

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

by the District Judge. [See Dkts. 28, 33, 34 & 40.] That Report and Recommendation found as follows and recommended the following disposition:

> [T]hat the defendant, JULIO BLANCO, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and Mr. Blanco is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to self-report upon designation of the Federal Bureau of Prisons. The Court recommends that Mr. Blanco be placed in a facility with an extensive drug treatment program, preferably the Residential Drug Abuse Program (RDAP).

[Dkt. 34 at 5.] The Petition was reduced to Judgment by order dated July 1, 2014. [Dkt. 45.]

Subsequent to that hearing and disposition, the Supplemental Petition was filed. As noted, on June 30, 2014, defendant Julio Blanco appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Joe Vaughn, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Todd Schaefer, who participated in the proceedings.

The court conducted the following procedures in accordance with Federal Rule of Criminal Procedure 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Blanco of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Blanco questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Supplemental Petition was provided to Mr. Balnco and his counsel, who informed the court they had reviewed the Supplemental Petition and that Mr. Balnco understood the violations alleged. Mr. Blanco waived further reading of the Supplemental Petition.

3. The court advised Mr. Blanco of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Supplemental

Petition. Mr. Blanco was advised of the rights he would have at a preliminary hearing. Mr. Blanco stated that he wished to waive his right to a preliminary hearing.

4. Mr. Blanco stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Supplemental Petition. Mr. Blanco executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Blanco of his right to a hearing on the Supplemental Petition and of his rights in connection with a hearing.

6. Mr. Blanco, by counsel, stipulated that he committed Violation Number 9 set forth in the Supplemental Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 9 | *"For the remainder of supervised release, the defendant will be subject to electronic monitoring at his residence, in accordance with the rules and regulations as set by the U.S. Parole and Probation Office for the Southern District of Indiana. During the period of time he is under electronic monitoring, Mr. Blanco will be at his residence unless he is engaged in his employment, attending church services, seeking or receiving medical treatment, or as specifically engaged in any other activity approved by his supervising U.S. Parole and Probation Officer."* |
| | On April 10, 2014, the offender failed to return to his residence by 11:00 p.m. He returned home at 4:49 a.m. on April 11, 2014. |
| | On April 12, 2014, the offender failed to return to his residence by 11:00 p.m. He returned home at 3:42 a.m. on April 13, 2014. |
| | On April 13, 2014, the offender failed to return to his residence by 11:00 p.m. He returned home at 3:39 a.m. on April 14, 2014. |
| | On April 14, 2014, the offender failed to return to his residence by 11:00 p.m. He returned home 2:39 a.m. on April 15, 2014. |

[Dkt. 36 at 1-2.]

7. The court placed Mr. Blanco under oath and directly inquired of Mr. Blanco whether he admitted violation 9 of his supervised release set forth above. Mr. Blanco admitted the violation as set forth above.

8. The Court finds that:

   (a)   Violation 9 is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)   Mr. Blanco's criminal history category is III.

   (c)   The range of imprisonment applicable with regard to Violation 9 upon revocation of Mr. Blanco's supervised release, therefore, is 5-11 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Supplemental Petition to recommend to the court as follows:  (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced as set forth in the Court's previous Report and Recommendation [Dkt. 34]; (c) the defendant be immediately placed in the custody of the Attorney General or his designee pending his designation by the Federal Bureau of Prisons.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JULIO BLANCO, violated the above-specified condition in the Supplemental Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced as set forth in the Court's Judgment dated July 1, 2014.  The defendant is to remain in the custody of the Arrorney General or his designee pending his designation by the Federal Bureau of Prisons.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 59(b) of the Federal Rules of Criminal Procedure.  Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate

Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Blanco's supervised release, and ordering the defendant to remain in the custody of the Attorney General or his designee pending the designation of the Federal Bureau of Prisons on the Court's July 1, 2014 Judgment.

IT IS SO RECOMMENDED.

Date: 07/10/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal